Mr. Chief Justice McWilliams
delivered the opinion of the Court.
This is a disciplinary proceeding against one Marion M. Keating, who was duly licensed to practice law in the State of Colorado on April 7, 1966. The several proceedings embrace a series of complaints charging gross professional misconduct on the part of the respondent and have culminated in a finding by our Grievance Committee that the respondent was guilty of such misconduct and a recommendation that he be disbarred. We agree with the findings and conclusions of the Grievance Committee and adopt its recommendation.
The main complaint relates to respondent’s dealings with Mrs. Ruth Burgess Harmon, a resident of Heflin, Alabama. One Charles S. Burgess, a nephew of Ruth Harmon, was arrested in California and thereafter the respondent initiated a series of telephone calls to Mrs. Harmon relating to her nephew’s difficulties. The net result of these conversations was that respondent agreed to go to California and represent Burgess in the criminal proceedings then pending against him and also agreed to endeavor to obtain custody of Burgess’ two minor children for Ruth Harmon. Mrs. Harmon testified that she was primarily concerned with obtaining custody of her nephew’s minor children. In return Mrs. Harmon wired respondent the sum of $900, a portion of which was obtained on the representation that respondent needed an advance on travel money. Whether respondent ever went to California in connection with any phase of this matter is extremely doubtful, but it was established that in any event he did not appear in any custody proceeding in California concerning the aforesaid minor children nor did he apparently represent Burgess in any substantial degree, at least, in any pending criminal proceeding in California.
A short time thereafter respondent again called Ruth Harmon and advised her that Burgess had passed four *396 short checks totaling about $400 on a Denver grocery store and informed her that he would pay the checks in question and handle a bad check criminal charge for $600. In view of her prior experience with the respondent Ruth Harmon was at first reluctant to forward any additional money to respondent. In a few days, however, Ruth Harmon did forward to respondent a cashier’s check in the amount of $600. Respondent promptly cashed this check, pocketed the money and did not pay any of the short checks, though on several occasions he had promised the manager of the grocery store that he would do so.
Another complaint, unrelated to Mrs. Harmon’s complaint, was initiated by one who employed respondent to represent him in obtaining a divorce. In connection therewith the sum of $220 was paid respondent as a partial fee for services to be rendered in connection with the contemplated divorce proceeding. Thereafter the respondent did not institute any divorce proceeding, though by his actions and utterances he led complainant and his mother to believe that he had.
Our Grievance Committee, after hearing, made extensive findings of facts, the gist of which has been set forth above. It was the conclusion of the Grievance Committee that the conduct and actions of the respondent were contrary to the highest standards of honesty, justice and morality and, as indicated, by way of disciplinary action recommended that respondent be disbarred.
As concerns the hearing relating to the Harmon complaint, respondent has now filed certain exceptions to the report of the Grievance Committee, his chief objection relating to the use of a certain deposition taken in Alabama upon written interrogatories submitted to the complainant, Ruth Harmon. His objection in this regard is not well taken. The record discloses that respondent received notice of the taking of the deposition and a copy of the questions to be propounded on direct examination some time prior to the actual taking of the deposition. *397 Respondent did not then, or later for that matter, indicate a desire to propound any cross-interrogatories. After the deposition was taken, respondent was sent a copy of the answers given by the witness Harmon. And then the respondent even failed to attend the hearing held by our Grievance Committee into the Harmon complaint, though he later acknowledged that he had previously received notice of the hearing. We perceive no procedural defect affecting any substantive right of the respondent and we reject his belated request that the entire matter be reopened because of his absence, still unexplained, from the hearing of our Grievance Committee.
Our study of the matter convinces us that the conclusion of our Grievance Committee that respondent is guilty of gross professional misconduct is fully justified. As concerns the Harmon complaint, respondent obtained $1500 from Ruth Harmon by deceptive utterances and conduct. In his conversations with Mrs. Harmon respondent was not candid and in many particulars he completely misled her. Though the children in question were eventually placed with Mrs. Harmon, the respondent misrepresented the nature of the proceedings in California and then was not even present at the hearing in California concerning the children. This is true even though respondent as the result of telephone calls initiated by him obtained travel expense to enable him to go to California and represent Mrs. Harmon in the dependency proceeding. Additionally, as concerns the $800 sent respondent by Mrs. Harmon, $400 of which was to be used to pay certain short checks given by Burgess to a Denver grocery store, respondent simply converted that money to his own use. As concerns the other complaint, respondent received a partial fee, did nothing in return therefor, and then deceived and misled his client by falsely representing that a divorce proceeding had been commenced when in fact none had been instituted.
Disbarment is the most severe disciplinary action that can be meted out by this court. However, for the reasons *398 above stated, this is a case that warrants such a penalty. This is not a case of an isolated instance of misconduct; rather the record discloses a pattern of gross misconduct on the part of the respondent wherein he either obtained money by false conduct or obtained money on a promise to perform and thereafter did nothing and then deceived his client as to the status of the matter. And of course in the one instance respondent obtained money for the specific purpose of transmitting the same to the defrauded Denver grocery store, and this he converted to his own use. 'Such deliberate misconduct on the part of the respondent requires that he be dealt with severely.
Accordingly, the respondent is hereby disbarred and is directed to forthwith surrender to the clerk of this court the license to practice law heretofore issued to him. Furthermore, he is enjoined and prohibited hereafter from engaging in any manner whatever in the practice of law in the State of Colorado.